# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES,<br><br>        Plaintiff,<br><br>    v.<br><br>LEDWHOLESALERS.COM, INC.,<br><br>        Defendant. | C.A. No. 15-60 (RGA) |
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES,<br><br>        Plaintiff,<br><br>    v.<br><br>HOME EVER, INC d/b/a LIGHTING EVER, INC.,<br><br>        Defendant. | C.A. No. 15-61 (RGA) |
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES,<br><br>        Plaintiff,<br><br>    v.<br><br>3NLED LIGHTING USA, INC.,<br><br>        Defendant. | C.A. No. 15-63 (RGA) |

**<u>DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

| | |
|---|---|
| OF COUNSEL:<br><br>Robert Huntsman<br>Huntsman Law Group, PLLC<br>10400 W. Overland Road #174<br>Boise, Idaho 83709<br>(208) 860 4379<br><br>Dated:  July 27, 2015 | Kelly E. Farnan (#4395)<br>Farnan@RLF.com<br>Selena E. Molina (#5936)<br>Molina@RLF.com<br>Richards, Layton & Finger<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>302-651-7700<br><br>*Attorneys for Defendants Home Ever Inc. d/b/a Lighting Ever, Inc., 3NLED Lighting USA, Inc., and LEDwholesalers.com, Inc.* |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ....................................................................................................................1

ARGUMENT............................................................................................................................1

    I.      Defendants' Motions Are Not Premature and Dismissal for an
            Implausible Patent Infringement Complaint is Not Extraordinary ..........................1

    II.     Plaintiff's Complaint Does Not Plead a Plausible Claim for
            Relief; Thus, Discovery and Claim Construction Should Not Be
            Permitted ...................................................................................................................2

            A.      Defendants' Motions to Dismiss Should Not Be Denied Simply
                    Because Plaintiff Has Complied With Form 18 .........................................4

            B.      The Complaint Allegations Are Implausible Since the
                    Claims Cannot Be Read to Cover the Accused Products ............................6

            C.      The Complaint Allegations Are Deficient Since
                    Asserting Method Claims Requires Allegations of the
                    Conduct Required to Practice the Method--Which is Not
                    Present in the Complaint ..............................................................................7

            D.      Plaintiff's Willfulness Allegations Are Wholly Unsupported
                    As Plaintiff Has Pled No Facts Evidencing Pre-Suit
                    Knowledge ...................................................................................................8

CONCLUSION.........................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Andrulis Pharm. Corp. v. Celgene Corp.*,
    No. 13-1644-RGA, 2014 WL 1572906 (D. Del. Apr. 10, 2014)................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................................1, 3, 4, 5

*Better Food Choices, LLC v. MyNetDiary, Inc., et al.*,
    No. 1:14-cv-00204 (D. Idaho Jan. 12, 2015) ................................................................2

*Commil USA, LLC v. Cisco Sys., Inc.*,
    135 S. Ct. 1920 (2015)..............................................................................................4

*Cumberland Pharm. Inc. v. Sagent Agila LLC*,
    No. 12-825-LPS, 2013 WL 5913742 (D. Del. Nov. 1, 2013)......................................2

*K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*,
    714 F.3d 1277 (Fed. Cir. 2013) *cert. denied sub nom. DIRECTV v. K-Tech
    Telecommunications, Inc.*, 134 S. Ct. 1026 (2014)......................................................5

STATUTES & RULES

Fed. R. Civ. P. 8..............................................................................................................1, 5

Fed. R. Civ P. 12(b)(6)..................................................................................................1, 2, 3

# INTRODUCTION

Defendants are selling well-known LED based lighting tubes, which are not patented by this Plaintiff or anyone else. Nevertheless, Defendants find themselves in District Court defending a charge of patent infringement from a Plaintiff who cannot plausibly argue that its patent covers lighting tubes.  Even in the face of a Fed. R. Civ P. 12(b)(6) motion to dismiss, Plaintiff has not and cannot allege a plausible claim for relief because its patent does not, under any circumstances, cover lighting tubes.  Plaintiff has had three opportunities to articulate a plausible case for patent infringement: first in its complaint; second in response to a request by Defendants' counsel; and, third, in its response to the pending motion to dismiss.  It has failed to do so three times, and providing it with any more opportunity is futile.  Plaintiff instead argues that it should be allowed to proceed to discovery and claim construction on its defective case in the hopes that somehow discovery or claim construction will cure its pleading defects.  This position is contrary to Fed. R. Civ. P. 8 and controlling Supreme Court authority.  Indeed, while Plaintiff argues that it requires discovery and claim construction, it fails to identify a single claim term that requires construction and has failed to identify any legitimate issue of infringement that warrants the time and expense of continuing this litigation.

# ARGUMENT

**I.    Defendants' Motions Are Not Premature and Dismissal for an Implausible Patent Infringement Complaint is Not Extraordinary**

Plaintiff's repeated suggestion that early dismissal of a complaint for patent infringement under Rule 12(b)(6) is "unprecedented" or "extraordinary"[1] is incorrect. Motions to dismiss due to implausible complaints, including patent infringement suits, particularly since *Twombly* was decided (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)) are common and appropriate.  As one

---

[1] *See* D.I. 12 at 1.

1

of many examples, this Court recently decided a similar patent case. *Cumberland Pharm. Inc. v. Sagent Agila LLC*, No. 12-825-LPS, 2013 WL 5913742 (D. Del. Nov. 1, 2013). In *Cumberland*, this Court, in an ANDA case, reviewed the claims, reviewed the accused products as pled by the Plaintiff and determined that "there is no reasonable view of the facts pled in [the] Complaint that would support a claim for relief[,]" *id.* at *2, and dismissed the complaint, despite the patent holder's plea for discovery and claim construction, *id.* at *3.

Once a complaint is challenged, the Court is required to look at the complaint as a whole, including any attachments filed with the complaint, and determine if there is at least one patent claim that plausibly could provide a basis for relief. Here, a copy of the patent and the accused products were included by the Plaintiff. Defendants and the Court can, and for the purposes of Rule 12(b)(6) analysis will, accept the Complaint allegations as true and construe such in the light most favorable to the non-moving party to determine if there is plausible claim for relief. Here the patent holder has brought patent claims that obviously cover lighting *fixtures*, and yet implausibly alleges that Defendants' lighting *tubes* infringe.

Similar cases dismissing patent cases under Rule 12(b)(6) for implausibility are found in other districts as well.[2]

## II. Plaintiff's Complaint Does Not Plead a Plausible Claim for Relief; Thus, Discovery and Claim Construction Should Not Be Permitted

Plaintiff argues that it should be allowed to proceed to discovery and have the Court construe the asserted claims before this Court analyzes the plausibility of the Complaint. D.I. 12 at 15-16. However, Plaintiff does not identify a single claim term that requires construction and

---

[2] *See, e.g.*, *Better Food Choices, LLC v. MyNetDiary, Inc., et al.*, No. 1:14-cv-00204, D.I. 113 (D. Idaho Jan. 12, 2015) (attached as Ex. A) (patent case dismissed for implausibility under Rule 12(b)(6) before claims construction and discovery after determining asserted patent claims could not plausibly reach the accused products, even though the Complaint was Form 18 compliant).

2

offers no plausible infringement theory in its Answering Brief.  Aside from saying that discovery and claim construction are needed, the Plaintiff does not provide any further specificity.  To the contrary, the Court can review the patent and the accused products and readily determine that Plaintiff is attempting to accuse lighting tubes of infringement of a patent that covers lighting fixtures.  *Compare* D.I. 1, Ex. A *with* D.I. 13, ¶¶ 3-4.

Plaintiff's reasoning is directly contrary to the U.S. Supreme Court's *Twombly* holding which requires courts to screen cases early for implausibility and firmly requires a plausible complaint as a threshold matter to be decided under a Rule 12(b)(6) motion to dismiss.  *Twombly* specifically recognized the cost of discovery and specifically held that a case must not proceed to discovery without a plausible complaint:

> A district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.  The costs of modern . . . litigation and the increasing caseload of the federal courts counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint.

*Twombly*, 550 U.S. at 558 (quoting other cases, internal quotes omitted).

Plaintiff's request that this Court delay dismissal until the parties develop a sufficient factual record through discovery should not be granted in light of *Twombly*.  In *Twombly*, the Court squarely recognized the financial cost of discovery and unequivocally held that the plausibility standard must be met *before* the parties proceed to the expensive discovery phase.  *Id.* at 558-59.  Plaintiff has offered no explanation as to how its complaint would somehow become plausible after discovery or claim construction.

The policy of screening cases for plausibility as articulated by the U.S. Supreme Court in *Iqbal* and *Twombly* is sound public policy. The U.S. Supreme Court stated that at least part of the reason plausibility is required is to "prevent[] a plaintiff with a largely groundless claim from

taking up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id.* at 557 (internal quotes omitted). Justice Scalia alluded to this problem in the patent infringement context in his recent dissent in *Cisco* when he observed that the Court's holding would "increases the *in terrorem* power of patent trolls." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1932 (2015).

Whether Plaintiff is a patent troll or not is not the issue here, but whether a patent holder with a patent that on its face covers only light *fixtures* can nevertheless bring a patent infringement suit against small companies making only unpatented lighting *tubes* and proceed to costly discovery and claim construction is indeed the issue here. This is exactly the fact pattern that *Twombly* addresses and prohibits. On one hand, Plaintiff is withholding claim charts[3] for future disclosure and, on the other hand, is asking for the Court to provide an opportunity for the parties to "develop a sufficient factual record" that Plaintiff perhaps hopes will result in a plausible claim by Plaintiff. D.I. 12 at 1. Plaintiff had a duty to develop plausible allegations as part of its pre-filing inquiry and state such in its complaint. Plaintiff also had the opportunity to assert a plausible claim for infringement in it Answering Brief. However, despite these multiple chances, Plaintiff has not articulated a plausible claim for relief. The implausible nature of the complaint is substantive and cannot be cured by amendment. Defendants respectfully request that the Court follow *Twombly* and dismiss the present complaint now due to a glaring lack of plausibility.

### A. Defendants' Motions to Dismiss Should Not Be Denied Simply Because Plaintiff Has Complied With Form 18

Plaintiff conflates the required analyses of "sufficiency" with "plausibility" in support of its defective Complaint. D.I. 12 at 10-12. The Form 18 rule cited by Plaintiff merely states the

---

[3] D.I. 13, ¶ 7; D.I. 12 at 15.

4

minimum elements that must be pled to survive an insufficiency attack. "Form 18 in no way relaxes the clear principle of Rule 8, that a potential infringer be placed on notice of what activity or device is being accused of infringement." *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013) *cert. denied sub nom. DIRECTV v. K-Tech Telecommunications, Inc.*, 134 S. Ct. 1026 (2014). Only "plausible allegations conforming to Form 18 are adequate to satisfy the requisite *Iqbal* and *Twombly* standard." *Id.* at 1289 (Wallach, J., concurring).

This Court recently had an opportunity to address the Form 18 pleading requirements in *Andrulis Pharmaceuticals Corp. v. Celgene Corp.*, No. 13-1644-RGA, 2014 WL 1572906, at *1 (D. Del. Apr. 10, 2014). Therein this Court held that merely "parroting" Form 18 is not enough to sufficiently allege direct infringement stating:

> While [plaintiff] is correct inasmuch as complying with Form 18 is the appropriate inquiry, the analysis is not limited to whether the form was simply parroted. The touchstones of an appropriate analysis under Form 18 are notice and facial plausibility. While these requirements serve as a bar against frivolous pleading, it is not an extraordinarily high one. The adequacy of the facts pled depends on the breadth and complexity of both the asserted patent and the accused product or system and on the nature of the defendant's business activities.

*Id.* at *1 (internal quotations and citations omitted).

As this Court has recognized, plausibility goes one step further than mere sufficiency and apparent compliance with Form 18. Plausibility requires an analysis into the grounds in the allegations themselves to see if the plaintiff has alleged a plausible claim for relief. Meeting the Form 18 pleading standard should not provide a "safe harbor" for a plaintiff to plead an implausible complaint, failing to allege facts that would give rise to a plausible claim for relief, and nonetheless withstand a motion to dismiss. Consistent with this Court's jurisprudence,

Plaintiff should not be permitted to use compliance with Form 18 as a shield against proper dismissal of an otherwise implausible complaint.

      **B.     The Complaint Allegations Are Implausible Since the Claims Cannot Be Read to Cover the Accused Products**

In Plaintiff's responsive factual summary, it misstates the reach of its claims. Specifically, Plaintiff states: "These claims implicate an apparatus (e.g., a LED tube light) for retrofit into an existing light fixture." D.I. 12 at 2-3. <u>They do not</u> and a review of the independent claims by the Court can confirm this. Plaintiff does not include a single citation to support this assertion, instead trying to imply that its patent can plausibly cover LED rube lights. Plaintiff selectively discloses the word "retrofit" from the preface of claim 12 and, to improperly bolster a position that its patent could somehow reach lighting tubes, Plaintiff omits the other actual factual limitations of claim 12 that make sense only in a lighting *fixture* and not in light *tubes*, namely:

- "a housing having an attachment surface and an illumination surface";
- "a plurality of illumination surface holes in the illumination surface";
- "a fastening mechanism for securing the attachment surface of the lighting apparatus to the illumination surface"; and
- "wherein the lighting apparatus is a coupled to a wall switch."[4]

Contrary to Plaintiff's assertions, light tubes are <u>not</u> coupled to wall switches, do <u>not</u> have attachment surfaces, do <u>not</u> have an illumination surface or illumination surface holes, and do <u>not</u> have fastening mechanisms. These claimed limitations are well known parts of lighting fixtures that hold tubes, not the tubes themselves. The Court need only review the patent and the information on the accused products provided by the Plaintiff to reach the same conclusion.

---

[4] D.I. 1, Ex. A.

Moreover, Plaintiff, in an attempt to get past the Motion to Dismiss, highlights claim 12 without ever alleging that it is actually a claim asserted in this litigation.  This, coupled with Plaintiff's implication that it could add additional accused products, is nothing more than an attempt to avoid engaging in the real issues in applying the claims of the '747 patent to Defendants' products.

Plaintiff's own declaration highlights the lack of a viable infringement theory here.  In ¶3, of his declaration, Mr. Freeman declares: "A 'ballast cover' is a component of an electrical ballast, which is a required aspect of florescent lights, used to limit the amount of current through fluorescent light tubes."  Ignoring the obvious factual inaccuracy of that statement, Plaintiff nevertheless therein admits that ballasts and ballast covers are aspects of fluorescent lighting, not non-fluorescent lighting such as the LED lights provided by the accused products.  Plaintiff also freely admits elsewhere in its response that the accused products are LED lighting tubes,[5] not fluorescent tubes.  Thus, Plaintiff admits that any of its claims that require a "ballast cover" are inapplicable to non-fluorescent lighting sold by Defendants.

    C.    **The Complaint Allegations Are Deficient Since Asserting Method Claims Requires Allegations of the Conduct Required to Practice the Method--Which is Not Present in the Complaint**

Plaintiff admits it did not provide an allegation to support its accusation of method claim infringement and justifies its silence by stating "Blackbird has not identified, and is not required to identify at this time, which claims it will ultimately assert in this action."  D.I. 12 at 14. Plaintiff misses the point. Plaintiff must allege conduct that, if proven, would rise to the level of infringement of a method claim, in order to have plausible claim for relief for method patent infringement.  By failing to include any conduct from which liability for method infringement

---

[5] "Those tube lights – the accused products at this time . . . ."  D.I. 12 at 15; "Blackbird has identified Defendants' LED tubes lights as infringing the '747 Patent." D.I. 12 at 3.

7

could arise, Rule 8's notice requirement is not satisfied and Plaintiff has failed to plausibly plead any case for method patent infringement.

        **D.    Plaintiff's Willfulness Allegations Are Wholly Unsupported As Plaintiff Has Pled No Facts Evidencing Pre-Suit Knowledge.**

Plaintiff's Complaint fails to allege a claim for willful infringement. Willful infringement is only pled in the prayer for relief section of the Complaint and is wholly conclusory and unsupported by alleged facts. Despite the opportunity to correct or defend against the claims of insufficiency and implausibility, Plaintiff admits the lack of factual allegations, yet continues to seek enhancement of damages for alleged willful infringement without the requisite factual basis. Because Plaintiff has not pled the requisite elements of willful infringement, any claim for willful infringement must be dismissed.

## CONCLUSION

Defendants stated in the Opening Brief: "Every one of the 31 claims of the '747 patent is directed toward lighting fixtures and the claim language of <u>every patent claim</u> of the '747 patent expressly require specific hardware that only would appear in a lighting *fixture*—not in lighting *tubes*, the accused products. Claims 1-11 explicitly require a ballast cover not found in a lighting tube nor alleged in the Complaints to be in a lighting tube. Claims 12-24 require a housing having an attachment surface and an illumination surface not found in a lighting tube nor alleged in the Complaints to be in a lighting tube. Claims 25-28 are method claims that require providing a ballast cover not found in a lighting tube nor alleged in the Complaints to be in a lighting tube. Claims 29-31 are method claims that require providing a housing having an attachment surface and an illumination surface not found in a lighting tube nor alleged in the Complaints to be in a lighting tube. Simply stated, there is a complete disconnect between the patent and the accused

products. Other than generally alleging the accused products infringe, there are no allegations that plausibly support a claim of patent infringement." D.I. 9 at 1-2 (emphasis in original).

Despite its duty to do so, Plaintiff has not refuted this position. Plaintiff has not come forward with a legitimate issue of claim construction, nor has it attempted to explain how its patent could plausibly cover the accused products.

For all these reasons, Defendants respectfully request that their motion to dismiss be granted, with prejudice.

|  |  |
|---|---|
| OF COUNSEL: | */s/ Kelly E. Farnan*<br>Kelly E. Farnan (#4395)<br>Farnan@RLF.com |
| Robert Huntsman<br>Huntsman Law Group, PLLC<br>10400 W. Overland Road #174<br>Boise, Idaho 83709<br>(208) 860 4379 | Selena E. Molina (#5936)<br>Molina@RLF.com<br>Richards, Layton & Finger<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>302-651-7700 |
| Dated:  July 27, 2015 | *Attorneys for Defendants Home Ever Inc. d/b/a Lighting Ever, Inc., 3NLED Lighting USA, Inc., and LEDwholesalers.com, Inc.* |

9