IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| BLACKBIRD TECH LLC, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Civil Action No. 15-60-RGA |
| LEDWHOLESALERS.COM INC., | : | |
| Defendant. | : | |

| BLACKBIRD TECH LLC, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Civil Action No. 15-61-RGA |
| HOME EVER INC., | : | |
| Defendant. | : | |

| BLACKBIRD TECH LLC, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Civil Action No. 15-63-RGA |
| 3NLED LIGHTING USA INC., | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

Defendants in these three cases have filed motions to dismiss. (D.I. 8).[1] The main thrust

---

[1] The docket items have the same numbers in each case.

of the motions is to assert that the complaints do not plausibly assert infringement, because they attach a copy of the patent and web shots of the accused products (which appear to be T8 LED tube lights), and it is clear that the pictured products cannot infringe any claim of the asserted patent.

I have read the patent, looked at independent claim 12, and looked at the very tiny pictures of the T8 LED tube lights. Claim 12 is addressed to a an "energy-efficient lighting apparatus." (So is claim 1, which among other things, includes a "ballast cover" as a part of the "energy-efficient lighting apparatus." Plaintiff purports to explain what a ballast cover is. (*See* D.I. 12, p.2 n.3). Defendants respond that the explanation contains "obvious factual inaccuracy." (D.I. 14, p. 7). It is not obvious to me, and, in any event, seems like a poor candidate for resolution on a motion to dismiss.). I gather that Plaintiff is saying that claim 12 covers LED tube lights. I (preliminarily) take the "for retrofit . . . " to be a non-limiting statement of intent. Defendants argue that the balance of claim 12 cannot describe a tube light, but the terminology of the patent claim (while perhaps clear to a POSITA) is not presently clear to me. It is plausible that claim 12 covers LED tube lights. Therefore, I believe that the Complaints comply with Rule 18[2] and are not subject to a motion to dismiss at this time. The motions to dismiss (D.I. 8) are therefore **DENIED**.[3]

I am nevertheless concerned about whether I am allowing what might be frivolous litigation to go forward. Plaintiff is ready and able to provide claim charts.[4] Therefore, I

---

[2] My understanding is that former Form 18 continues to control the plausibility of direct infringement allegations.

[3] I do not think there is any issue about willful infringement. It is not asserted.

[4] "Blackbird offered to provide Defendants with the details of Defendants' infringement of the '747 Patent." (D.I. 12, p.3).

**DIRECT** as follows:

1. Plaintiff should provide detailed claim charts to each of the three Defendants charting its infringement theories for all asserted claims against at least one of each Defendant's accused T8 LED tube lights.[5] I expect the claim charts to include pictures of the actual accused tube lights. The claim charts should be filed on the docket no later than January 5, 2016.

2. The parties are directed to meet-and-confer after the claim charts are filed. Among other things, the parties shall discuss whether they can jointly agree upon a way to present the case to me for early resolution.

3. A rule 16 scheduling conference will be set for February 9, 2016, at 9 a.m. There will be a separate order in regard to the scheduling conference.

4. The parties should submit a joint status report three business days before the Rule 16 scheduling conference regarding any agreements or proposals for a means for early resolution of these cases.

**IT IS SO ORDERED** this 3 day of December 2015.

Richard G. Andrews
United States District Judge

---

[5] I assume that for each Defendant, one T8 LED tube light is likely representative of all of that Defendant's T8 LED tube lights.